1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7     OLEKSIY DEMIDOV, et al.,                 Case No.  20-cv-03014-SK
8                    Plaintiffs,
9            v.                                **ORDER GRANTING MOTION TO
                                               DISMISS AND DENYING MOTION TO
10    COUNTY OF CONTRA COSTA, et al.,          APPOINT GUARDIAN AD LITEM**
11                   Defendants.               Regarding Docket Nos. 13, 22

12          On May 1, 2020, Plaintiffs Oleksiy Demidov ("Demidov") and minor child of Demidov

13   E.D. ("E.D.") (collectively, "Plaintiffs") filed a complaint alleging successor-in-interest liability

14   for the death of Maria Barraza ("Barraza") while in the custody of Contra Costa County, et al.

15   ("Defendants").  Plaintiffs did not file a motion to appoint a guardian ad litem for minor plaintiff

16   E.D. before serving the summons, as required by California Code of Civil Procedure § 373(a).

17   Plaintiffs likewise did not file the affidavit and supporting documentation required to establish

18   standing to proceed as successors in interest to Barraza under California Code of Civil Procedure §

19   377.32.

20          On June 5, 2020, Defendants filed a motion to dismiss the complaint, arguing that both

21   Demidov and E.D. lack standing to bring suit because they did not establish standing as

22   successors-in-interest standing and because E.D. does not have a guardian ad litem.  (Dkt. 13.)

23   Defendants further attacked the validity of the complaint on several grounds pursuant to Federal

24   Rule of Civil Procedure 12(b)(6).  (*Id.*)  Plaintiffs initially opposed the motion to dismiss.  (Dkt.

25   15.)  The Court held oral argument on the motion to dismiss on July 20, 2020.  (Dkt. 21.)  The

26   Court confirmed for Plaintiffs at the hearing that they had not filed the appropriate documentation

27   to establish standing and that they had not filed the required motion to appoint a guardian ad litem

28   for E.D.  (*Id.*)  The Court set a deadline of August 3, 2020, for Plaintiffs to file the required

United States District Court
Northern District of California

affidavit, supporting documentation, and motion to appoint guardian ad litem.  (*Id.*)

On July 27, 2020, Plaintiffs filed a motion to appoint Demidov as guardian ad litem for E.D.  (Dkt. 22.)  Defendants oppose the motion.  (Dkt. 25.)  Plaintiffs did not file the required affidavit and supporting documentation to establish successor-in-interest standing.  On July 31, 2020, Plaintiffs filed a non-opposition to Defendants' motion to dismiss, requesting permission to amend the complaint to remove Demidov entirely.  (Dkt. 26.)

Both parties consent to the jurisdiction of the Undersigned.  (Dkts. 7, 14.)  For the reasons set forth below, the Court HEREBY GRANTS the motion to dismiss the complaint WITH LEAVE TO AMEND.  Plaintiffs must file a first amended complaint by October 19, 2020.  The Court simultaneously DENIES Plaintiff's motion to appoint Demidov guardian ad litem for E.D. Plaintiffs must file a motion to appoint a suitable guardian ad litem by September 14, 2020.

## BACKGROUND

The complaint alleges that Maria Barraza died by suicide in the restroom of the women's intake holding area in the Contra Costa County Jail on April 13, 2019.  (Dkt. 1 ¶ 1.)  Barraza was arrested for domestic abuse prior to being placed in the Contra Costa County Jail.  (*Id.* ¶ 18.) Plaintiffs allege that Defendants failed to properly screen Barraza for suicidal ideation, despite the fact that they considered but decided against an involuntary psychiatric evaluation during Barraza's arrest for domestic abuse.  (*Id.*)  Plaintiffs allege that the deputies and intake staff knew or should have known that Barraza consumed the antidepressant Wellbutrin, alcohol, and cannabis, prior to intake, and that information about this combination of drugs should have triggered a mental health screening.  (*Id.*)

Plaintiffs bring four claims for violation of the Fourteenth Amendment, labeling those claims deliberate indifference (Count One), wrongful death (Count Two), violation of civil rights pursuant to 42 U.S.C. § 1983 (Count Three), and deprivation of right to a familial relationship (Count Four).  (*Id.* ¶¶ 20-34.)  Plaintiffs allege that Defendants are subject to *Monell* liability (Count Five), citing six deaths in the Contra Costa County Jail System in 2016, four from suicide or drug overdose.  (*Id.* ¶¶ 35-40.)  Plaintiffs bring a common law claim for negligence (Count Six), a claim for negligence under California Government Code § 845.6 (Count Seven), and a claim for

United States District Court
Northern District of California

1    negligence under California Civil Procedure Code §§ 377.60 and 377.61 (Count Eight).  (*Id.* ¶¶

2    42-56.)  Finally, Plaintiffs bring a claim for negligent infliction of emotional distress (Count 9).

3    (*Id.* ¶¶ 57-60.)

4    **A.    Discussion.**

5         **1.    Motion to Dismiss.**

6         Plaintiffs no longer contest the motion to dismiss.  (Dkt. 26.)  As stated above and as

7    discussed with the parties at oral argument, Plaintiffs have failed to file the required

8    documentation to establish successor-in-interest standing and have also failed to file a motion to

9    appoint a guardian ad litem for E.D. before serving the summons.  These defects alone would be

10   sufficient to justify granting Defendants' motion to dismiss.  *See Wishum v. California*, 2014 WL

11   3738067, at *2 (N.D. Cal. July 28, 2014) (finding that Plaintiffs lacked standing to proceed as

12   successor in interest because they had not complied with section 377.32 and dismissing without

13   prejudice); *Kulya v. City and County of San Francisco*, 2007 WL 760776, at *2 (N.D. Cal. Mar. 9,

14   2007) (applying state law to determine capacity to sue under Federal Rule of Civil Procedure 17

15   and finding that failure to timely appoint guardian ad litem warranted granting motion to dismiss).

16   The Court therefore GRANTS Defendants' motion to dismiss, WITH LEAVE TO AMEND.

17        Because Plaintiffs no longer contest the motion to dismiss, the Court will not rule on

18   Defendants' Rule 12(b)(6) arguments regarding the deficiencies in the original complaint.  The

19   Court discussed these deficiencies with the parties at oral argument.

20        **2.    Motion to Appoint Guardian ad Litem.**

21        Plaintiffs move to appoint Demidov as E.D.'s guardian ad litem, arguing that Demidov is

22   the logical choice as E.D.'s natural father and surviving parent.  (Dkt. 22.)  Defendants counter

23   that Demidov is an inappropriate choice to serve as E.D.'s guardian ad litem because there is at

24   least the appearance of a potential conflict of interest between Demidov and E.D. given that

25   Barraza's suicide was precipitated by an incident of domestic abuse in which Demidov may have

26   been a participant.  (Dkt. 25.)

27        Due to the potential for a conflict of interest, Demidov is an inappropriate choice to serve

28   as E.D.'s guardian ad litem.  In *Kulya*, the plaintiff filed a civil rights complaint alleging false

United States District Court
Northern District of California

3

1   arrest and seeking damages on behalf of himself and his minor child after the police arrested him

2   and placed his child in protective custody when the mother of his child filed a police report of

3   child abuse against the plaintiff.  2007 WL 760776, at *2.  The court found that there was "at

4   minimum a potential conflict of interest between [father] and [child] because of the allegations of

5   abuse which form the ostensible basis for Defendants' subsequent conduct."  *Id.*  Similarly, the

6   court held that the mother was not a suitable guardian ad litem based on her role in the events at

7   issue.  Here, allegations of domestic abuse are potentially at issue in this case.  Though the exact

8   roles that Demidov and Barraza played in that abuse are unclear, there is sufficient potential for a

9   conflict of interest between Demidov and E.D. that the Court concludes Demidov would be an

10  inappropriate guardian ad litem.  The Court therefore DENIES Plaintiffs' motion to appoint

11  Demidov guardian ad litem.  Plaintiffs may file a motion to appoint an unconflicted guardian ad

12  litem no later than September 14, 2020.

13          **IT IS SO ORDERED**.

14  Dated: August 4, 2020

15

16  _____
    SALLIE KIM
    United States Magistrate Judge