FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
528 Grand Avenue
Oakland, CA 94610
Telephone: (510) 543-1912
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff E.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D., individually and as a successor-in-interest to Decedent, MARIA BARRAZA, by and through his Guardian ad Litem PATRICIA BARRAZA;<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, a municipal corporation; "FNU" WONG, individually as a Sheriff's Deputy for the COUNTY; DWIGHT CHILDS, individually as a Sheriff's Deputy for the COUNTY; TIFFANY YARNELL individually as a Sheriff's Deputy for the COUNTY; DAVID O. LIVINGSTON, individually as Sheriff for the COUNTY; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>　　　　　Defendants. | CASE NO: 3:20-cv-03014-SK<br><br>DECLARATION OF FULVIO F. CAJINA<br><br><br>Date: C, 15th Floor<br>Judge: Hon. Sallie Kim<br>Date Action Filed: May 1, 2020<br>Trial Date: June 21, 2022 |

DECLARATION OF FULVIO F. CAJINA

e

1   I, Fulvio F. Cajina, a citizen of the United States, declare, state, and aver that the

2   following statements are true and correct and to the best of my knowledge:

3   1.   I am an attorney at law licensed to practice and practicing in the State of California and

4   admitted to the Northern District of California.  I have personal knowledge of the facts I state

5   below. I submit this declaration in support of plaintiff's Opposition to Defendant's Motion for

6   Discovery Sanctions. I am a member in good standing of the State Bar of California and have

7   been admitted to practice before this Court.

8   2.   I drafted many of the discovery responses subject of Defendants' instant motion. At the

9   time that we provided responses (and currently), neither Plaintiff E.D., his father, nor his

10   guardian ad litem had access to Maria Barraza's medical records. Plaintiff's guardian ad litem

11   was initially unaware what hospital decedent used and decedent's partner, Oleksiy Demidov,

12   only knew that decedent was a Kaiser Member. Moreover, Mr. Demidov informed me that he

13   had previously tried to obtain decedent's medical records by logging onto the Kaiser Permanente

14   member portal but he had been unsuccessful.

15   3.   At the time we provided discovery responses, neither Plaintiff E.D., his father, nor his

16   guardian ad litem had access to Maria Barraza's payroll records. Again, Mr. Demidov was able

17   to shed light on decedent's earnings by recalling how much she generally earned – close to

18   $100,000. I asked Mr. Demidov, who worked with decedent at the Hilton Hotel, to try to obtain

19   copies of decedent's payroll from the H.R. department. Mr. Demidov informed me that he

20   attempted to do so on several occasions but was not provided with the records. H.R. personnel

21   informed Mr. Demidov that the hotel had changed its payroll software since the time of

22   decedent's death.

23   4.   Accordingly, I have issued subpoenas to both Kaiser and Hilton for Ms. Barraza's

24   medical and earnings records. Prior to serving the subpoena's, I informed counsel for defendant

25   that I would be serving those subpoenas. Attached hereto as **Exhibits 1** and **2** are true and correct

26   copies of the Kaiser and Hilton subpoenas that my office has served.

27   5.   I should note that when talking to the Kaiser records department, I was informed that

28

2

DECLARATION OF FULVIO F. CAJINA

e

given that Ms. Barraza is deceased, I would need to obtain a signed authorization from one of her heirs. Given that Ms. Barraza died unmarried, her mother, Jovita Esqueda constituted one of her heirs under California law. Accordingly, I had to obtain a signed authorization from Ms. Esqueda to be included with the subpoena. I was expressly told by Kaiser that Ms. Patricia Barraza could not sign the consent.

6.      I note that neither Ms. Esqueda or Mr. Demidov are parties to this action nor are they Ms. Patricia Barraza's agents.

7.      Based on the information Plaintiff has uncovered during discovery, we have further amended Plaintiff's initial Rule 26(a) disclosures. Attached as **Exhibit 3** is a true and correct copy of Plaintiff's most recent amended initial Rule 26(a) disclosures. Plaintiff will further amend this disclosure as more evidence and discovery comes to light, including when the subpoenaed documents are returned to Plaintiff's counsel.

8.      Finally, I apologize to the Court for filing this declaration past midnight. In the past four (4) hours my computer (more specifically, my Microsoft Word) has crashed a total of three (3) times, partially wiping out my work product on all three occasions without recovering those files.

I declare under penalty perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed in Oakland, California.

Dated: July 13, 2021                    __/s/__Fulvio F. Cajina_____

                                        FULVIO F. CAJINA

---

DECLARATION OF FULVIO F. CAJINA

e

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

DECLARATION OF FULVIO F. CAJINA

e

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| ED as Suc. in Interest by Decendent, Maria Barraza | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:20-cv-03014-SK |
| | ) |
| COUNTY OF ALAMEDA | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Release of Information - Kaiser Permanete Medical Group - Northern CA
East Bay Area; 510-752-6026; Oak-ROI@ kp.org

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all medical records, including, exam notes, doctor reports, H & P's, Admission and Discharge summaries, examination notes, inpatient and outpatient hospitalization or emergency room records, correspondence, mental health records, medical billings/statements, paper/digital files from 1/1/09 to 4/15/19

| Place: Law Offices of Fulvio F. Cajina | Date and Time: |
|---|---|
| 528 Grand Ave. | |
| Oakland, CA 94610 | 07/11/2021 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/29/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
Fulvio F. Cajina, Esq., LAW OFFICES OF FULVIO F. CAJINA _____ , who issues or requests this subpoena, are:
528 Grand Ave., Oakland, CA 94610; 510-543-1912

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-03014-SK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**KAISER PERMANENTE.**

(*Kaiser Permanente entities are listed on reverse side of this form)

**AUTHORIZATION FOR USE OR DISCLOSURE OF PATIENT HEALTH INFORMATION**
Note: Fees may apply to certain requests

**Patient Name:** MARIA BARRAZA
**Medical Record number:** _____   **Birth Date:** _____
**Address:** _____
**City:** El Cerrito   **State:** CA
**Zip Code:** 94530   **Phone #:** ( )
**Email:** _____

---

**Kaiser Permanente may release this information to:** ☐ Check if same as above
**Recipient Name:** Fulvio F. Cajina, Esq., LAW OFFICES OF FULVIO F. CAJINA
**Address:** 528 Grand Ave.   **City:** Oakland   **State:** CA   **Zip Code:** 94610
**Phone #** (510 ) ~~22502636~~ 543-1912   **Email:** fulvio@ cajinalaw.com

---

**This disclosure can be used for the following purpose(s):** ☐ Personal Use ☒ Legal ☐ Insurance
☐ Medical Treatment ☐ Medical Condition Verification ☐ Disability ☐ FMLA ☐ Workers' Comp

---

**Check ONLY one of the following three options to identify the health information to be released.**

☐ **Option 1:** Form Completion (a substitute form or relevant medical records may be released)
☐ **Option 2:** Last 2 years of Kaiser Permanente Medical Office and Kaiser Foundation Hospital records
☐ **Option 3:** Records as specified. You must complete Step 1 and Step 2 below.

Step 1. Enter date range or date(s) of the records to be released: 01/01/2009 to 04/15/2019
Step 2. Select types of records to be released:

☒ KP Medical Office   ☒ Kaiser Foundation Hospital   ☒ Immunization   ☒ Lab Results
☐ Diagnostic Images   ☐ Copays & Deductibles   ☒ Itemized Billing   ☐ Pharmacy
☐ Other (provider, department, specialty): _____

---

**NOTE:** Hospital and Medical Office records released as part of this authorization may contain references related to mental health, addiction, and HIV medical conditions.

**Check the boxes below if you want this release to include the following information, Otherwise, this information will be excluded.**

☒ Mental Health Treatment Records   ☐ Addiction Medicine Treatment Records   ☐ HIV Test Results

---

**Media Type:** ☒ Electronic   ☐ Paper   **Delivery Preference:** ☒ Electronic   ☐ Mail   ☐ Pickup

---

**DURATION:** Authorization shall remain in effect for one year from the date of signature below. However, in Washington, D.C. permission to release addiction medicine treatment records expires after six (6) months.

**REVOCATION:** You or your personal representative may cancel this authorization for future releases by submitting a written request to the Release of Information Unit listed for your region of service on the reverse side of this form. Your cancellation will not affect information that was released prior to receipt of the written request.

**REDISCLOSURE:** Once this information is released, it may not be protected under federal privacy law (HIPAA). State or other federal law may require the recipient to obtain your authorization before further disclosure.

---

Kaiser Permanente may not condition treatment, payment, enrollment, or eligibility for benefits on whether you sign this authorization. This disclosure is made at your request. For Virginia patients, a copy of this authorization, and a note stating to whom your information was disclosed will be included in your medical record. A copy of the original authorization is valid. You have a right to a copy of this completed authorization.

---

7/7/2021                   *Jovita Esqueda*
**Date**          **Signature**

Jovita Esqueda - Mother and Successor in interest
If personal representative, print name/relationship

NS-9934 (2-16) SPANISH-NS-1814; CHINESE-NS-8274
NCAL: 90258 (REV. 2-16) SPANISH 01782-000; CHINESE 01782-002          ORIGINAL - DISCLOSING PARTY          CANARY - PATIENT

"Kaiser Permanente" means both your insurance company (a Kaiser Permanente health plan) and your doctors (a Permanente medical or dental group). It also includes different groups depending on where you live.

**All states where we do business:**
• Kaiser Foundation Hospitals

**California:**
• Kaiser Foundation Health Plan, Inc., Northern California Region
• The Permanente Medical Group

• Kaiser Foundation Health Plan, Inc., Southern California Region
• Southern California Permanente Medical Group

**Colorado:**
• Kaiser Foundation Health Plan of Colorado
• Colorado Permanente Medical Group, P.C.

**Georgia:**
• Kaiser Foundation Health Plan of Georgia, Inc.
• The Southeast Permanente Medical Group, Inc.

**Hawaii:**
• Kaiser Foundation Health Plan, Inc., Hawaii Region
• Hawaii Permanente Medical Group, Inc.

**Mid-Atlantic States:**
• Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
• Mid-Atlantic Permanente Medical Group, P.C.

**Northwest:**
• Kaiser Foundation Health Plan of the Northwest
• Northwest Permanente, P.C.
• Permanente Dental Associates, P.C.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

DECLARATION OF FULVIO F. CAJINA

e

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| ED as Suc. in Interest by Decendent, Maria Barraza | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| County of Contra Costa, et al. | ) |
| _Defendant_ | ) |

Civil Action No.  3:20-cv-03014-SK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Custodian of Records for: Hilton Hotel Employment LLC, Hilton Hotel San Francisco Union Square

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All payroll records for MARIA BARRAZA from January 1, 2009 to April 12, 2019.

| Place: Law Offices of Fulvio F. Cajina<br>528 Grand Ave.<br>Oakland, CA 94610 | Date and Time:<br><br>07/11/2021 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/01/2021

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff

Fulvio F. Cajina, Esq., LAW OFFICES OF FULVIO F. CAJINA      , who issues or requests this subpoena, are:

528 Grand Ave., Oakland, CA 94610; 510-543-1912

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-03014-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*

                                    _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment            Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery*.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection*.**
   **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena*.**
   **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection*.**
   **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

DECLARATION OF FULVIO F. CAJINA

e

1   FULVIO F. CAJINA (Bar No. 289126)
    LAW OFFICE OF FULVIO F. CAJINA
2   528 Grand Ave.
    Oakland, CA 94610
3   Telephone: (415) 601-0779
    Facsimile: (510) 225-2636
4   Email: fulvio@cajinalaw.com

5   STANLEY GOFF (Bar No. 289564)
    LAW OFFICE OF STANLEY GOFF
6   15 Boardman Place Suite 2
    San Francisco, CA 94103
7   Telephone: (415) 571-9570
    Email: scraiggoff@aol.com

8
    Attorneys for Plaintiff
9

10                  UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  E.D., individually and as a successor-in-<br>interest to Decedent, MARIA BARRAZA, by<br>and through his Guardian ad Litem<br>14  PATRICIA BARRAZA;<br><br>15         Plaintiffs,<br>16  vs.<br><br>17  COUNTY OF CONTRA COSTA, a<br>municipal corporation; "FNU" WONG,<br>18  individually as a Sheriff's Deputy for the<br>COUNTY; DWIGHT CHILDS, individually<br>19  as a Sheriff's Deputy for the COUNTY;<br>TIFFANY YARNELL individually as a<br>20  Sheriff's Deputy for the COUNTY; DAVID<br>O. LIVINGSTON, individually as Sheriff for<br>21  the COUNTY; and DOES 1-50, inclusive,<br>individually, jointly and severally,<br>22<br>23         Defendants | CASE NO: 3:20-cv-03014-SK<br><br><br><br>**PLAINTIFF'S SUPPLEMENTAL<br>DISCLOSURES PURSUANT TO FED.<br>R. CIV. PROC. 26(A)(1)** |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff makes the following supplemental Disclosure of witnesses and documents based on the information currently and reasonably available to Plaintiff. These disclosures are based upon information that is currently available to Plaintiff. Plaintiff reserves the right to supplement or amend these disclosures as further information becomes available. Plaintiff does not, by describing documents and other information herein, waive their right to object to production or admission of such documents or information on any ground. Discovery in this case has not yet commenced and Plaintiff recognizes his obligations under Fed. R. Civ. P. Rule 26(e) to amend or supplement these initial disclosures as they obtain additional discoverable information that they may use to support their allegations, claims and/or defenses.

These disclosures do not identify any potential experts consulted or retained by Plaintiff. Nor do these disclosures identify persons or a description of documents to be used solely for impeachment purposes.  Plaintiff will provide expert witness disclosures consistent with Rule 26(a)(2) or as otherwise ordered by the Court.  These disclosures do not constitute a waiver of any privilege or work product protection.

A.  **Individuals Likely to Have Discoverable Information**:

The following individuals may have discoverable information that Plaintiff may use to support his claims and allegations.

- Contra Costa County Sheriff Deputy Dwight Childs, regarding the subject incident.
- Contra Costa County Sheriff Deputy Tiffany Yarnell, regarding the subject incident.
- Contra Costa County Nurse Mira Yune, regarding the subject incident.
- Contra Costa County Sheriff Deputy FNU Wong, regarding the subject incident.

2

- El Cerrito Police Officer Brendan Bassi, regarding the subject incident.

- El Cerrito Police Officer Bailey Thepkayson, regarding the subject incident.

- Contra Costa County Medical Staff, regarding the subject incident.

- Contra Costa County Coroner's Office, regarding cause and time of death and toxicology.

- Patricia Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Andres Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Rocio Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Raul Barraza Jr. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Francisca Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Raul Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Iris Price. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Patricia Zarco. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.

- Darlene Andrade (coworker)          . This individual may have discoverable information that Plaintiff may use to support his claims and allegations.

- Sherri (coworker)          . This individual may have discoverable information that Plaintiff may use to support his claims and allegations.

- Mimi (coworker) 4          . This individual may have discoverable information that Plaintiff may use to support his claims and allegations

- Jose Luis pavon (Friend)          1. This individual may have discoverable information that Plaintiff may use to support his claims and allegations.

- Krissia Fahey (friend)          9. This individual may have discoverable information that Plaintiff may use to support his claims and allegations.

- Gloria Reyes          . This individual may have discoverable information that Plaintiff may use to support his claims and allegations.

- Nora Johnson, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.

- Emmy Moore, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.

- Stella Osuna, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.
- Lupe Sainz, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.
- Patricia Carter, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.
- Steve Miller, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.
- Jayshree Patel, This individual may have discoverable information that Plaintiff may use to support his claims and allegations. Address unknown.
- Jovita Esqueda. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.
- Roberto Barraza. This individual may have discoverable information that Plaintiff may use to support his claims and allegations. This individual may be contacted through Plaintiff's counsel.
- E.D., the Plaintiff. This individual has discoverable information in connection with damages. This individual may be contacted through Plaintiff's counsel.
- Oleksiy Demidov. This individual has discoverable information in connection with damages and the events leading to decedent's death. This individual may be contacted through Plaintiff's counsel.

**B.**     **Documents  and  Electronically  Stored  Information  Plaintiff  May  Use  to Support his claims**

5

The following is a description, by category, of documents, electronically stored information ("ESI") and tangible things that are currently in the possession, custody, or control of Plaintiff or Defendants that may be used to support Plaintiff's allegations and claims in this action. Each document is subject to and without waiver of Plaintiff's rights to object to the authenticity of, qualification or reference of any such document, or to move *in limine* to exclude such documents or portion thereof.  Plaintiff reserves the right to amend or supplement this information if additional relevant, non-privileged documents or categories of documents are located or identified.

     (a)    Contra Costa County videos;

     (b)    Contra Costa County

     (c)    El Cerrito Police Department records and dispatch;

     (d)    Kaiser Permanente medical records;

     (e)    Toxicology report;

     (f)    Coroner's report;

     (g)    Family photographs;

     (h)    Earnings/Income records from the Hilton Hotel Union Square;

     (i)    Educational records;

     (j)    Funeral records; and

     (k)    Any and all materials obtained through discovery.

## C.   **Damages**

Plaintiff is seeking compensatory damages for economic and non-economic damages, including, but not limited to, mental and emotional damages, and other special and general damages according to proof but in excess of the jurisdictional threshold of this court.

Plaintiff is further seeking exemplary and punitive damages as allowable by law; an award of interest, including pre-judgment interest, at the legal rate; and reasonable attorneys' fees pursuant to all applicable statutes.

The aforesaid economic and non-economic damages, both past and future damages, shall be based upon expert testimony to support such demands for relief. Without waiving the foregoing, and for purposes of providing an estimate of economic damages, which Plaintiff reserves the right to further supplement and/or amend pursuant to Rule 26, Plaintiff further discloses the following:

**Computation of Damages**

Plaintiff E.D. lost his mother. Plaintiff E.D. is seeking compensatory damages in connection with loss of financial support and loss of love, loss of gifts, companionship, comfort care, assistance, protection, affection, society, moral support, training and guidance. Plaintiff will be hiring an economist to calculate the reasonable value of said losses. However, there is no fixed standard for the calculation of non-economic damages, such as loss of love, moral support, affection, and society.

Based on decedent's salary and plaintiff's age, plaintiff estimates his lifetime economic losses at over $3,000,000, not including non-economic damages. Said losses include $1.15 million in lost financial support (approximately $50,000 a year through plaintiff's 26th birthday) and the reasonable value of all services provided by decedent to plaintiff over the course of her life, $1.85 million. Plaintiff reserves his right to amend this response given that discovery is ongoing and to adjust for inflation and to include an estimate for future medical damages pursuant to expert testimony.

D.    **Insurance**

7

At this time, Plaintiff is not aware of any insurance agreement that would satisfy any possible judgment in the action.

LAW OFFICE OF FULVIO F. CAJINA

Dated: July 12, 2021

_/s/ Fulvio F. Cajina_
FULVIO F. CAJINA
Attorney for Plaintiff

8