UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 20-cv-03014-SK<br><br>**ORDER REGARDING DISCOVERY SANCTIONS**<br><br>Regarding Docket No. 56 |

Defendants moved for discovery sanctions, to compel further discovery responses, and for monetary sanctions on June 17, 2021. (Dkt. 56.) The Court set a deadline for Plaintiff to respond and notified the parties that the motions would be decided on the papers. (Dkt. 57.) Plaintiff opposed the motions. (Dkt. 58.) Having reviewed the submissions of the parties, the record in the case, and the relevant legal authorities, the Court HEREBY GRANTS IN PART and DENIES IN PART Defendants' motion for discovery sanctions and monetary sanctions and DENIES Defendants' motion to compel further responses.

## BACKGROUND

The complaint in this action was filed on May 1, 2020. (Dkt. 1.) Attorney of record Stanley Craig Goff was substituted as counsel for Plaintiff E.D. ("Plaintiff") on September 2, 2020. (Dkt. 30.) The Court appointed Plaintiff's aunt, Patricia Barraza, as Plaintiff's *guardian ad litem* ("GAL") on September 15, 2020. (Dkt. 33.) The First Amended Complaint ("FAC") was filed on September 27, 2020. (Dkt.34.) Acting through his GAL, Plaintiff brought suit as the sole survivor and successor in interest of decedent Maria Barraza ("Barraza"), his mother. (Dkt. 34 ¶ 1.) The FAC alleged that Maria Barraza died by suicide in the restroom of the women's intake holding area in the Contra Costa County Jail on April 13, 2019, and she was in Contra Costa County Jail after her arrest for domestic abuse. (*Id.* ¶¶ 12-13.) Plaintiff alleged that Defendants

1  failed to properly screen Barraza for suicidal ideation, despite the fact that Defendants considered
2  but decided against an involuntary psychiatric evaluation during Barraza's arrest for domestic
3  abuse. (*Id.*)  Plaintiff alleged that the deputies and intake staff knew or should have known that
4  Barraza consumed the antidepressant Wellbutrin, alcohol, and cannabis prior to intake and that
5  information about this combination of drugs should have triggered a mental health screening. (*Id.*)

6  Plaintiff brought four claims for violation of the Fourteenth Amendment, labeling those
7  claims deliberate indifference (Count One), wrongful death (Count Two), violation of civil rights
8  pursuant to 42 U.S.C. § 1983 (Count Three), and deprivation of right to a familial relationship
9  (Count Four). (*Id.* ¶¶ 15-29.)  Plaintiff, citing six deaths in the Contra Costa County Jail System in
10 2016, four from suicide or drug overdose alleged *Monell* liability (Count Five). (*Id.* ¶¶ 30-36.)
11 Plaintiff alleged a common law claim for negligence (Count Six), a claim for negligence under
12 California Government Code § 845.6 (Count Seven), and a claim for negligence under California
13 Civil Procedure Code §§ 377.60 and 377.61 (Count Eight). (*Id.* ¶¶ 37-51.)  Finally, Plaintiff
14 alleged a claim for intentional infliction of emotional distress (Count Nine). (*Id.* ¶¶ 52-56.)

15 On February 8, 2021, the Court issued a Case Management and Pretrial Order setting,
16 among other dates, the close of fact discovery in this matter on November 5, 2021. (Dkt. 47.)
17 Plaintiff's counsel provided initial disclosures to Defendants via email on February 22, 2021.
18 (Dkt. 56-1 (Rodriquez Dec. Ex. A).)  Plaintiff's counsel provided supplemental initial disclosures,
19 including a calculation of damages, after prompting from Defendants' counsel, on February 23,
20 2021. (*Id.* (Rodriquez Dec. Ex. C).)  Defendants served Special Interrogatories, Set One
21 ("Interrogatories") on April 8, 2020. (*Id.* (Rodriquez Dec. Ex. D); Dkt. 53-1 (Rodriquez Dec. ¶
22 2).)  Defendants served Requests for Production of Documents, Set One ("RFP") on April 8, 2020.
23 (*Id.* (Rodriquez Dec. Ex. E); Dkt. 53-1 (Rodriquez Dec. ¶ 2).)

24 On June 8, 2021, Defendants County of Contra Costa, et al. ("Defendants") filed a
25 unilateral discovery letter brief indicating that Plaintiff had completely failed to respond to written
26 discovery served on him on April 8, 2021, even though the deadline for responses had long
27 passed, and that Plaintiff's counsel had not responded to efforts to meet and confer regarding
28 discovery. (Dkt. 53.)  The Court held a hearing on June 14, 2021, where the Court ordered

1   Plaintiff to send the discovery responses at issue on the same date: June 14, 2021.  (Dkt. 55.)  The
2   Court held that Plaintiff had waived all objections to the discovery requests at issue and that if
3   Plaintiff's responses were not fulsome, Defendants could bypass the meet and confer requirement
4   and move the Court directly for relief, including sanctions.  (*Id.*)

5   Plaintiff responded to the Interrogatories via email on June 14, 2021.  (*Id.* (Rodriquez Dec.
6   Ex. F).)  The responses to Interrogatory No. 3 did not provide information about the names of
7   persons who may have treated Plaintiff for her mental health but refer instead to Kaiser
8   Permanente generally.  (*Id.*)   The response to Interrogatory No. 5 did not provide specific
9   amounts of Barraza's income for ten years before the incident but instead only provides an
10  approximate annual salary, with no explanation or supporting documentation.  (*Id.*)  Plaintiff gave
11  similarly vague answers regarding his father's income, income of his GAL, and the identities of
12  persons who may be sources of financial support for Plaintiff.  (*Id.*)  Plaintiff gave similarly vague
13  estimates of damages and costs, with no explanation or supporting documentation.  (*Id.*)

14  Plaintiff also responded to the RFP on June 14, 2021.  (*Id.* (Rodriquez Dec. Ex. G).)  The
15  response to the RFP consisted solely of 66 unlabeled, undated photographs of Barraza.  (*Id.*)  All
16  of the responses stated that, other than the 66 photographs, Plaintiff had made a diligent search
17  and do not have any responsive documents in his possession, custody, or control.  (*Id.*)  The
18  responses also indicated that Plaintiff would provide supplemental responses "when other
19  documents are discovered." (*Id.*)

20  In response to Plaintiff's discovery responses, Defendants moved for discovery sanctions,
21  moved to compel further discovery responses, and requested monetary sanctions.  In particular,
22  Defendants asked that the Court exclude all evidence of economic damages at trial by limiting
23  Plaintiff to the scope of the discovery on that issue provided to date.  (Dkt. 56.)  Defendants asked
24  that the Court compel Plaintiff to provide more fulsome responses to discovery.  (*Id.*)  Finally,
25  Defendants asked that the Court award a monetary sanction in the amount of their costs and fees
26  for bringing the motion, though they do not specify an amount.  (*Id.*)

27  In opposition, Plaintiff pointed out that he and his GAL do not have immediate access to
28  some of the records sought.  (Dkt. 58.)  Plaintiff's counsel indicated that they have served

3

1    subpoenas for the records and will supplement the responses as they receive further information,

2    but Plaintiff's counsel does not deny that Plaintiff's counsel issued the subpoenas after Defendants

3    brought the motion to compel. (Dkt. 59 (Fulvio Dec. Exs. 1, 2).)

**DISCUSSION**

**A.    Legal Standards.**

Where a party fails to obey an order to provide or permit discovery, the court may make an order directing that certain designated facts be taken as established as the party moving for sanctions claims, to prohibit the disobedient party form introducing certain matters into evidence or making certain claims or defenses, to strike pleadings or parts thereof, to stay further proceedings until the order is obeyed, to dismiss the action or proceeding or any part thereof, to render judgment by default against disobedient party, or treat the matter as contempt of court. Fed. R. Civ. P. 37(b)(2).

Courts may also impose sanctions against an attorney personally. The court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996) (citing *Trust Corp., v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983). Whether to sanction is subject to the Court's sound discretion. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988).

Federal Rule of Civil Procedure 16(f) provides that, on its own motion, "the court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Since the purpose of the rule is "to encourage forceful judicial management," a court has broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders. *Alutiq Int'l Solutions, LLC v. Lyons*, 2012 WL 7801695, at *3 (D. Nev. Sep. 18, 2012) (citing *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir.1986)). Rule 16 authorizes the court to impose the sanctions permitted by Rule 37, which include dismissal of an action in whole or in part, and the payment of expenses. Fed. R. Civ. P. 37(b)(2)(A)(v), (B); *see also* Civil L.R. 3-

9 ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."). Moreover, federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain "the authority and dignity of the court." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (citations omitted).

**B.     Analysis.**

    **1.     Requests for Production of Documents.**

Plaintiff responded that Plaintiff did not have custody, possession or control of documents. Defendants move to compel production of documents, but the Court cannot order a party to produce documents that do not exist within the possession, custody or control of that party. And to the extent that third parties have the responsive documents, Defendants do not show that the Federal Rules of Civil Procedure require Plaintiff to obtain those documents. Thus, if the parties can obtain medical records of the decedent and records regarding earnings from the decedent's employer, the Court will not exclude those documents. The situation is different for late-produced documents. Plaintiff's responses indicate that there will be a supplemental production if additional documents surface, but the time for producing documents has long passed. Plaintiff did not respond at all to the initial requests and did not respond at all to Defendants' request to meet and confer. The only reason Plaintiff responded at all was that Defendants were forced to bring this issue to the Court's attention. Even though the deadline for factual discovery ends November 5, 2021, the Court finds that Plaintiff's complete failure to respond until Defendants brought this issue to the Court, Plaintiff's complete failure to meet and confer about the initial requests, and failure to produce any meaningful documents warrant a sanction at this time. The Court GRANTS the motion for sanctions and bars Plaintiff from presenting as evidence any documents that are responsive to the requests but that Plaintiff did not initially produce.

The only exception is that, if Plaintiff finds responsive documents and can provide a reasonable explanation for the late production that does not merely reflect failure to search, Plaintiff may file a motion for the Court to allow Plaintiff to admit those documents into evidence for purposes of this litigation. If Plaintiff files such a motion, the Court will also allow Defendants

5

to take discovery in the form of depositions to determine how and why Plaintiff found later-discovered documents.

**2.     Responses to Interrogatories.**

With regard to the Interrogatory Responses, the Court finds that the responses are sufficient and thus DENIES the motion to compel further response and DENIES the motion for sanctions based on the Interrogatory Responses.

**3.     Attorneys' Fees.**

The Court GRANTS the motion for attorneys' fees and costs against counsel of record Stanley Goff personally. Sanctions against Plaintiff's counsel are appropriate because of the complete failure to respond to written requests for production of documents until Defendants were forced to bring this to the attention of the Court and because of the complete failure to meet and confer with Defendants.   These failures appear to be failures of counsel, not Plaintiff.

Goff has accumulated several orders to show cause in this district for his failure to appear in court at scheduled settlement conferences and to otherwise comply with court orders. *See* Order to Show Cause, *Westmore v. Regents of the University of California*, No. 13-cv-01744-JSC (N.D. Cal. Feb. 11, 2014) (failure to appear at scheduled settlement conference), ECF No. 43; Order to Show Cause, *Fidge v. Lake County Sheriff's Dept.*, No. 13-05182-YGR (N.D. Cal. July 30, 2014) (failure to appear at compliance hearing and failure to comply with a court order), ECF No. 71; Second Order to Show Cause, *Fidge v. Lake County Sheriff's Dept.*, No. 13-05182-YGR (N.D. Cal. Aug. 7, 2014) (failure to comply with a court order and personally appear at hearing), ECF No. 80; Order to Show Cause, *Pimental v. City of Hayward*, No. 14-cv-04706-JCS (N.D. Cal. Apr. 6, 2015) (failure to prosecute), ECF No. 17; Order to Show Cause, *Washington v. Recology*, No. 14-cv-05083-WHA (N.D. Cal. July 8, 2015) (failure to appear at court-ordered meet and confer conference), ECF No. 34.

Goff has been personally sanctioned in connection with two related cases. *See* Order on Def.'s Mot. for Sanctions, *Redmond v. San Mateo Police Dept.*, No. 14-cv-00998-DMR (N.D. Cal. Feb. 24, 2015) (imposed sanctions of $3,092.50 on Goff personally), ECF No. 48; Order on Def.'s Mot. for Sanctions, *Taylor v. San Mateo Police Dept.*, No. 14-cv-01000-DMR (N.D. Cal. Feb. 24,

2015) (imposed sanctions of $2,500.00 on Goff personally), ECF No. 47. Goff was also previously sanctioned and referred to the Standing Committee on Professional Conduct for the United States District Court for the Northern District of California for failure to adequately prosecute a case. *See* Order Imposing Sanctions; Order Referring Attorney Stanley Goff to the Standing Committee on Professional Conduct for Disciplinary Proceedings, *Clifton v. City and Cnty. of San Francisco*, No. 14-cv-3539-KAW (N.D. Cal. Nov. 24, 2015), ECF No. 51. Like Judge Westmore in *Clifton*, this Court in *Hudieb v. City of Hayward*, No. 19-cv-2842 (N.D. Cal. Feb. 1, 2021), ECF No. 123, was deeply concerned that the current manner in which Goff is practicing law, while appearing to be in good faith, is harmful to his clients. The Court referred Goff to the Standing Committee on Professional Conduct for Disciplinary Proceedings for conduct in *Hudieb* very similar to the discovery conduct at issue in the case at bar. The Court is again disturbed that sanctions and referrals for discipline have had no effect on Goff's conduct.

Attorney Fulvio Cajina has also appeared in this matter on behalf of Plaintiff (Dkt. 55), and he submitted a declaration indicating that he drafted the responses to discovery (Dkt. 59). The Court therefore assesses sanctions jointly and severally against Goff and Cajina.

The Court ORDERS Defendants to provide a statement of attorneys' fees and costs by August 7, 2021. If Goff and Cajina choose to challenge the amount of fees, they may respond in a brief not to exceed five pages by August 14, 2021.

## CONCLUSION

For the reasons set forth above, Court HEREBY GRANTS IN PART and DENIES IN PART Defendants' motion for discovery and monetary sanctions and DENIES Defendants' motion to compel further responses.

**IT IS SO ORDERED**.

Dated: July 29, 2021

_____
SALLIE KIM
United States Magistrate Judge