UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D.,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>   Defendants. | Case No. 20-cv-03014-SK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR FEES AND COSTS AND DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS**<br><br>Regarding Docket Nos. 66, 71 |

Defendants Contra Costa County, et al. ("Defendants") seek attorneys' fees in association with their motion for sanctions and to compel discovery from Plaintiff ("Motion for Sanctions") (Dkt. 56). (Dkt. 66.) Because the Court denied in part and granted in part Defendants' Motion for Sanctions, Plaintiff E.D. ("Plaintiff") filed his own opposing motion for fees associated with responding to the Motion for Sanctions. (Dkt. 71.) Plaintiff opposes Defendants' motion for fees (Dkt. 69), and Defendants in turn oppose Plaintiff's motion for fees (Dkt. 74.) Having considered the submissions of the parties, the record in the case, and the relevant legal authorities, and finding this matter suitable for disposition without oral argument, the Court HEREBY GRANTS Defendants' motion for fees and DENIES Plaintiff's motion for fees, for the reasons set forth below.

**BACKGROUND**

On February 8, 2021, the Court issued a Case Management and Pretrial Order setting, among other dates, the close of fact discovery in this matter on November 5, 2021. (Dkt. 47.) Plaintiff's counsel provided initial disclosures to Defendants via email on February 22, 2021. (Dkt. 56-1 (Rodriquez Dec. Ex. A).) Plaintiff's counsel provided supplemental initial disclosures, including a calculation of damages, after prompting from Defendants' counsel, on February 23, 2021. (*Id.* (Rodriquez Dec. Ex. C).) Defendants served Special Interrogatories, Set One

("Interrogatories") on April 8, 2020. (*Id.* (Rodriquez Dec. Ex. D); Dkt. 53-1 (Rodriquez Dec. ¶ 2).) Defendants served Requests for Production of Documents, Set One ("RFP") on April 8, 2020. (*Id.* (Rodriquez Dec. Ex. E); Dkt. 53-1 (Rodriquez Dec. ¶ 2).)

On June 8, 2021, Defendants County of Contra Costa, et al. ("Defendants") filed a unilateral discovery letter brief indicating that Plaintiff had completely failed to respond to the written discovery served on him on April 8, 2021, even though the deadline for responses had long passed, and that Plaintiff's counsel had not responded to efforts to meet and confer regarding discovery. (Dkt. 53.) The Court held a hearing on June 14, 2021, where the Court ordered Plaintiff to send the discovery responses at issue on the same date: June 14, 2021. (Dkt. 55.) The Court held that Plaintiff had waived all objections to the discovery requests at issue and that, if Plaintiff's responses were not fulsome, Defendants could bypass the meet and confer requirement and move the Court directly for relief, including sanctions. (*Id.*)

Plaintiff responded to the Interrogatories via email on June 14, 2021. (*Id.* (Rodriquez Dec. Ex. F).) The responses to Interrogatory No. 3 did not provide information about the names of persons who may have treated Plaintiff for her mental health but refer instead to Kaiser Permanente generally. (*Id.*) The response to Interrogatory No. 5 did not provide specific amounts of Barraza's income for ten years before the incident but instead only provides an approximate annual salary, with no explanation or supporting documentation. (*Id.*) Plaintiff gave similarly vague answers regarding his father's income, income of his Guardian Ad Litem, and the identities of persons who may be sources of financial support for Plaintiff. (*Id.*) Plaintiff also gave vague estimates of damages and costs, with no explanation or supporting documentation. (*Id.*)

Plaintiff also responded to the Request for Production of Documents on June 14, 2021. (*Id.* (Rodriquez Dec. Ex. G).) The response to the Request for Production of Documents consisted solely of 66 unlabeled, undated photographs of Barraza. (*Id*.) All of the responses stated that, other than the 66 photographs, Plaintiff had made a diligent search and do not have any responsive documents in his possession, custody, or control. (*Id*.) The responses also indicated that Plaintiff would provide supplemental responses "when other documents are discovered." (*Id*.)

2

1    In response to Plaintiff's discovery responses, on June 17, 2021, Defendants moved for
2 discovery sanctions, to compel further discovery responses, and for monetary sanctions. (Dkt.
3 56.) The Court issued an Order on July 29, 2021, granting in part and denying in part Defendants'
4 Motion for Sanctions. (Dkt. 65.) The Court found that Plaintiff's responses to the Interrogatories
5 were sufficient and denied the Motion for Sanctions on that basis. (*Id.*) The Court granted
6 Defendants' motion for evidentiary sanctions and ordered that Plaintiff is barred from using any
7 documents responsive to the Requests for Production that he did not initially produce, unless
8 Plaintiff can provide a reasonable justification for the late production other than failure to search.
9 (*Id.*) The Court further assessed sanctions against Plaintiff's attorneys Stanley Goff and Fulvio
10 Cajina. (*Id.*) The Court ordered Defendants to provide a statement of their fees incurred in
11 association with filing the Motion for Sanctions, and gave Plaintiff's counsel the opportunity to
12 challenge the amount. (*Id.*)
13    On August 6, 2021, Defendants' counsel Sean Rodriquez filed a declaration describing his
14 fees associated with the Motion for Sanctions. (Dkt. 66. (Rodriquez Dec.).) The total time spent
15 was 25.6 hours, at a rate of $300 per hour, for a total of $7,680. (*Id.*) Plaintiff opposes an award
16 of fees to Defendants, arguing that Defendants' counsel should have met and conferred regarding
17 the gaps in the discovery responses prior to moving for sanctions, and that Plaintiff's responses
18 were not made in bad faith. (Dkt. 69.)
19    On August 23, 2021, Plaintiff's counsel filed their own motion for fees associated with the
20 Motion for Sanctions. (Dkt. 71.) Plaintiff argues that fees are appropriate because the motion to
21 compel was not substantially justified, based on the Court's denial of the motion to compel further
22 interrogatory responses. (*Id.*) Plaintiff seeks fees for a total time spent of 17.7 hours, at a rate of
23 $475 per hour, for a total of $8,407.50. (*Id.*) Defendants oppose this motion, arguing that Plaintiff
24 seeks fees in bad faith given his discovery conduct in the case, that Defendants' discovery requests
25 were substantially justified, and that Plaintiff's rates are unreasonable. (Dkt. 74.)

## DISCUSSION

**A.     Legal Standards.**

28    Federal Rule of Civil Procedure 37(a)(1) provides that "a party may move for an order

3

compelling disclosure or discovery." Such a motion may seek to compel disclosure or to compel a discovery response. Fed. R. Civ. P. 37(a)(3). "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

**B.     Analysis.**

The Court finds that Defendants are entitled to attorneys' fees related to their Motion for Sanctions, and Plaintiff is not entitled to attorneys' fees for responding to the motion. Here, Plaintiff failed to comply with discovery deadlines. Because of Plaintiff's tardiness in responding to discovery and failure to participate in the normal discovery process, Defendants were forced to expend their own resources in seeking to compel the necessary responses to continue with this lawsuit. Because Plaintiff caused the delay, the Court expressly allowed Defendants to bypass meet and confer requirements and to move for sanctions. Plaintiff cannot reasonably complain that Defendants bypassed the ordinary process when Plaintiff's own negligence in complying with the ordinary process forced Defendants to do so.

The amount of fees requested by Defendants is conservative and reasonable. Whether Defendants completely prevailed on their motion is not relevant to the inquiry regarding whether they are entitled to fees under Rule 37. As Rule 37(a)(5)(C) provides, if a motion to compel discovery "is granted in part and denied in part, the court may […], after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, Defendants' Motion for Sanctions and to compel discovery was granted in part and denied in part. The Court therefore may apportion the expenses for the motion as it finds reasonable. The Court concludes that Plaintiff's conduct obstructed the ordinary course of discovery, requiring the Motion for Sanctions to be filed in the first place. Defendants are entitled to their attorneys' fees in filing the motion. Plaintiff is not entitled to his expenses in defending against the resulting motion to compel.

The Court therefore AWARDS attorneys' fees to Defendants in the amount of $7,680.

/ / /

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion for attorneys' fees and DENIES Plaintiff's motions for attorneys' fees. The Court ORDERS that Plaintiff and/or counsel pay these attorneys' fees by December 31, 2021.

**IT IS SO ORDERED**.

Dated: October 5, 2021

SALLIE KIM
United States Magistrate Judge