MARY ANN McNETT MASON (SBN 115089)
County Counsel
D. CAMERON BAKER (SBN 154432)
SEAN M. RODRIQUEZ (SBN 286668)
Deputies County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:    (925) 655-2280
Facsimile:     (925) 655-2266
Electronic Mail: sean.rodriquez@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA, DWIGHT CHILDS, and
TIFFANY YARNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D., individually and as successor-in-interest by Decedent, MARIA BARRAZA, by and through his Guardian ad Litem, PATRICIA BARRAZA;<br><br>          Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.<br><br>        Defendants. | No. C20-03014 SK<br><br>NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS<br><br>Date:  November 15, 2021<br>Time: 9:30 a.m.<br>Crtrm:  C, 15th Floor<br>Judge: Hon. Sallie Kim, Presiding<br>Date Action Filed:  May 1, 2020<br>Trial Date:  June 21, 2022 |

**NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS**

TO PLAINTIFF E.D. AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 15, 2021, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom C, 15th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants County of Contra Costa, Dwight Childs, and Tiffany Yarnell ("Defendants") will and hereby do move the Court

1   for an order of dismissal under Federal Rules of Civil Procedure, Rule 37, based on Plaintiff's

2   violation of the Court's order to compel and his material misrepresentations to the Court.

3       This motion is supported by this notice, the memorandum of points and authorities, all

4   the papers and records on file in this action, and such other materials as may be submitted at

5   or before the hearing on the motion.

6   ## MEMORANDUM OF POINTS AND AUTHORITIES

7   ## I.      INTRODUCTION

8       Despite the imposition of exclusionary and monetary sanctions, Plaintiff remains in

9   violation of the Court's order to provide fulsome responses to Defendants' discovery requests.

10  Although he demands millions of dollars in damages based on Decedent's passing, Plaintiff

11  has failed to produce documentation of Decedent's financial accounts, trust, or rental income.

12  This is notwithstanding the fact that Plaintiff is the sole heir to Decedent's estate, which

13  Plaintiff's father (and former co-plaintiff in this case) manages on Plaintiff's behalf.

14      Terminating sanctions are warranted based on Plaintiff's flagrant violation of the

15  Court's discovery order and his misstatements about his diligence in complying with his

16  discovery obligations.  Defendants respectfully request that the Court dismiss this matter in its

17  entirety and enter judgment in their favor.

18  ## II.     FACTUAL AND PROCEDURAL BACKGROUND

19      Defendants sent Plaintiff Special Interrogatories and Requests for Production of

20  Documents on April 8, 2021, in which they specifically sought information regarding

21  Decedent's financial information.[1]  Interrogatory Number 5 requested that Plaintiff state,

22  among other things, "[t]he amount and source of DECEDENT's annual income for the ten

23  years prior to the INCIDENT."  Interrogatory Number 6 requested that Plaintiff state "all

24  compensation that YOU have or will receive as a result of DECEDENT's passing, including

25  all financial compensation and/or other benefits, and including any such compensation YOU

26  have received as a result of probate matters or through will or other legal instrument."

27

28  _____

[1]  Defendants' discovery requests were previously submitted to the Court via ECF at Docket Entry No. 53-2.

1   In Document Production Request Number 15, Defendants demanded "[a]ll documents

2   relating to or reflecting DECEDENT's finances at the time of her death, including any

3   documents relating to or reflecting DECEDENT's retirement account, checking account,

4   savings account, and/or bond, stock, and/or mutual fund investments, if any."  In Request

5   Number 20, they demanded "[a]ll DOCUMENTS relating to or reflecting any compensation

6   YOU have received following DECEDENT's death, including all statements of benefits YOU

7   have received, and including records relating to or reflecting probate proceedings, and/or any

8   will, trust, or other legal device that has resulted in compensation to YOU."  Plaintiff failed to

9   provide any responses for two months, and Defendants therefore moved to compel.

10   On June 14, 2021, the Court ordered Plaintiff to serve his untimely responses by email

11   no later than the end of the day.  "The Court further HELD that [Plaintiff has] waived all

12   objections and that if the responses are not fulsome, Defendants may bypass the meet and

13   confer requirement and move directly for relief."  (ECF No. 55.)

14   Plaintiff did not provide any responsive documents.  And he provided only perfunctory

15   interrogatory responses.  (ECF No. 56-7.)  Defendants therefore moved for sanctions under

16   Rule 37(b)(2), including exclusionary and monetary sanctions.  (ECF No. 56.)  In his

17   opposition brief, Plaintiff stated that he had "provided truthful and complete answers" to

18   Defendants' discovery requests.  (ECF No. 58, p. 9.)  Although Plaintiff's discovery responses

19   were signed by attorney Stanley Goff (ECF No. 56-7, p. 9; ECF No. 56-8, p. 8), attorney

20   Fulvio Cajina stated by declaration that he "drafted many of the discovery responses subject of

21   Defendants' instant motion."  (ECF No. 59, ¶ 2.)

22   The Court granted Defendants' motion for sanctions in significant part on July 29,

23   2021.  The Court ordered that Plaintiff was barred "from presenting as evidence any

24   documents that are responsive to the requests but that Plaintiff did not initially produce."

25   (ECF No. 65, p. 5.)  The Court imposed fees jointly and severally against Plaintiff's counsel.

26   (*Id*. at p. 7.)  The Court did not excuse Plaintiff from his duty to comply with its June 14, 2021

27   order to compel, meaning that Plaintiff remained obligated to provide fulsome responses to

28   Defendants' interrogatories and discovery requests.

1   On September 20, 2021, Defendants deposed Plaintiff's father and former co-plaintiff,

2   Oleksiy Demidov.  Goff represented Demidov when he was a co-plaintiff and sought

3   appointment as Plaintiff's guardian ad litem, and attorneys Goff and Cajina represented

4   Demidov at his deposition.  Demidov testified that Decedent had a checking account, a

5   savings account, and a 401k account.  (Declaration of Sean M. Rodriquez, Exhibit A

6   [Demidov Deposition Excerpts],[2] p. 22.)  Demidov stated that he had overseen the conversion

7   of Decedent's 401k account into an IRA.  (*Id.* at p. 24.)  Demidov testified to the approximate

8   amounts of money in the savings and 401(k) accounts at the time of Decedent's passing.  (*Id.*

9   at p. 22-23.)

10   Demidov also testified to Decedent's ownership of real property in El Cerrito and

11   Oakland, which produced rental income.  (*Id.* at pp. 104-06.)  Demidov testified that the

12   income from one of those properties (which he and Decedent co-owned) went into his own

13   personal account, while the income from the other went into Decedent's account, on which

14   Demidov is the signee.  (*Id.* at pp. 107-08.)  Demidov testified that Decedent's estate is held in

15   a revocable trust that Demidov manages, and of which Plaintiff is the sole beneficiary.  (*Id.* at

16   pp. 119-20.)  Plaintiff did not disclose any of this information or provide any documentation

17   thereof in his discovery responses.[3]

18   Following Demidov's deposition, Plaintiff's counsel Cajina intimated that he had

19   presented information regarding Decedent's property and rental income to Plaintiff's

20   economics expert.  (Exhibit B [Cajina Sept. 29, 2021 Email].)  After a meet and confer with

21   Defendants' counsel on October 1, 2021, Cajina sent a follow up email in which he stated his

22   intent to provide the requested documents by the end of the following week, but in which he

23   also effectively acknowledged that Plaintiff had not produced (or perhaps even sought) the

24   records at issue.  (Exhibit C [Cajina Oct. 1, 2021 Email].)

25

26   [2] All further exhibit citations are to the exhibits attached to the declaration of Sean M. Rodriquez being filed concurrently herewith.

27   [3] At his deposition, Demidov provided only limited documentation pertaining to Decedent's

28   real property.  (*See* Ex. A, pp. 104-05.)  He did not provide any records pertaining to her financial accounts (i.e., her checking, savings, or 401k account) or trust.

NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS - Case No. C20-03014 SK

4

1  **III.    ARGUMENT**

2     **A.    Defendants Are Entitled to Terminating Sanctions**

3        The Court employs a multi-factor test in deciding whether to impose terminating

4  sanctions.  At the outset, the Court must find willfulness, bad faith, and fault.  *See Coronado*

5  *v. Nat'l Default Servicing Corp.*, No. 1:15-cv-01844-MCE-SKO, 2017 U.S. Dist. LEXIS

6  53308, at *12-14 (E.D. Cal. April 5, 2017).  However, the Court need not find wrongful

7  intent—the failure to comply with a discovery order is sufficient.  *Id.*

8        In addition, the Court weighs the public's interest in expeditious resolution of the

9  litigation; the Court's need to manage its docket; the risk of prejudice to the defendants; the

10  public policy favoring cases on their merits; and the availability of less drastic sanctions.  *In re*

11  *Phenylpropanolamine (PPA) Prods. Liab. Litig*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These

12  factors are not required showings, but merely provide "a way for a district judge to think about

13  what to do."  *Id.* (internal markings omitted).

14        Each of the factors weighs in favor of terminating sanctions.  Defendants therefore

15  respectfully request that the Court dismiss this case in full and enter judgment in their favor.

16     **1.    Willfulness, Bad Faith, and Fault**

17        Throughout this litigation, Plaintiff has exhibited a willful violation of his discovery

18  obligations and bad faith.  Plaintiff utterly failed to respond to the County's discovery requests

19  for two months.  When he finally responded, he failed to provide any responsive documents,

20  and he offered only perfunctory and incomplete interrogatory replies.

21        Defendants have now learned that there are financial accounts and real property held in

22  a trust of which Plaintiff is the sole beneficiary.  Although Defendants requested this

23  information and documentation thereof, Plaintiff failed to provide it, even after the Court's

24  June 14, 2021 order commanding his production of fulsome responses, and after the Court's

25  July 29, 2021 order imposing sanctions.  The relevant discovery evidence is plainly in

26  Plaintiff's control—Plaintiff is Decedent's sole heir, and Plaintiff's father (who was also a

27  plaintiff in this case until he was dismissed for lack of standing, and who is being represented

28  by Plaintiff's attorneys) testified to the existence of the accounts and to the management of

NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS - Case No. C20-03014 SK

1   Decedent's estate on Plaintiff's behalf.  Though Plaintiff is a minor, his interests are being

2   represented by a court-appointed guardian ad litem, and he has two attorneys litigating this

3   case on his behalf.  Plaintiff's misconduct cannot be described as anything other than willful

4   and in bad faith, and for which he is at fault.

5              **2.      Public's Interest in Expeditious Resolution of the Litigation and the
                          Court's Need to Manage its Docket**

6          The first two factors in the terminating sanctions analysis—the public's interest in

7   expeditious resolution of the litigation and the Court's need to manage its docket—fall

8   overwhelmingly in favor of dismissal.

9          For two months, Plaintiff failed to respond to Defendants' discovery requests.  Plaintiff

10  then violated the Court's order to provide fulsome responses, notwithstanding his claim that

11  he made a "diligent effort" to locate the requested documents.  (ECF No. 56-8, ¶¶ 1-24.)

12  Despite his protestation in his opposition to Defendants' motion for sanctions that he

13  "provided truthful and complete answers," (ECF No. 58, p. 9), Plaintiff did not do so.

14  Plaintiff did not provide any records of the accounts and property that came into his

15  possession due to Decedent's passing.

16         Plaintiff's failure to disclose information and documents he was ordered to provide

17  several months ago, and his material misrepresentations before this Court, underscore the

18  propriety of terminating sanctions.  The public's interest lies in the expeditious resolution of

19  litigation—not repeated violations of discovery orders.  In addition, the Court has no interest

20  in a party's failure to abide by its orders, which "prevent[s] the Court from managing its

21  docket by preventing any merits-based resolution of this matter and thereby needlessly

22  clogging the Court's docket."  *Coronado*, 2017 U.S. Dist. LEXIS 53308, at *15.

23         Accordingly, the first two factors "clearly favor dismissal, as is always the case when a

24  party fails to comply with a court order."  *Id.; see also Adriana Int'l Corp. v. Theoren*, 913

25  F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support

26  sanctions"); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's

27  interest in expeditious resolution of litigation always favors dismissal").

### 3.     Risk of Prejudice

The third factor, risk of prejudice, also weighs in Defendants' favor.  The Ninth Circuit has held that the failure to comply with a discovery order "is considered sufficient prejudice." *Adriana Int'l Corp.*, 913 F.2d at 1412.  As one court put it, "[t]he failure to obtain discovery information significantly impairs the Defendants' ability to go to trial and to . . . make rightful and informed decisions[.]"  *Armstrong v. Spearman*, No. 1:13-cv-00246-AWI-SAB (PC), 2015 U.S. Dist. LEXIS 111191, at *4 (E.D. Cal. Aug. 20, 2015).  "In addition, the additional efforts to obtain discovery responses required Defendants to incur expenses that would not otherwise have been incurred had Plaintiff responsibly cooperated."  *Id*.

Here, Defendants (and the Court) have no basis for trusting that Plaintiff has provided, or will provide, fulsome discovery responses, even after the Court's order to compel and subsequent imposition of exclusionary and monetary sanctions.  Although Plaintiff previously informed the Court that his responses were "truthful and complete" (ECF No. 58, p. 9), Demidov's deposition testimony has proven this assertion to be false.  The third factor likewise weighs in favor of dismissal.

### 4.     The Public Policy of Deciding Cases on Their Merits

Although the inherent nature of a terminating sanction is to resolve a case based on something other than its merits, this does not preclude the imposition of such sanctions.  As the Ninth Circuit has explained, this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re Phenylpropanolamine*, 460 F.3d at 1228.

The plain outcome of Plaintiff's conduct has been to preclude resolution of his claims on their merits.  In violation of the Court's unambiguous order to compel, Plaintiff withheld responsive information necessary for Defendants to evaluate and defend against his claims.  It is thus Plaintiff's conduct that will prevent the resolution of this case on its merits, instead forcing Defendants to proceed to summary judgment (and, if necessary, trial) on an under-developed record—a record that they can never be certain will be complete, as underscored by Plaintiff's prior misleading assertions that he "made a diligent effort to locate the requested

1 documents" (ECF No. 56-8, ¶¶ 1-24) and had provided "truthful and complete answers" (ECF
2 No. 58, p. 9). The fourth factor thus also weighs in favor of dismissal.

3         **5.**     **Availability of Less Drastic Sanctions**

4      The Court already ordered Plaintiff to provide fulsome discovery responses, after he
5 failed to provide *any* responses for two months. Plaintiff violated that order and Defendants
6 were forced to move for sanctions, which the Court granted in significant part. Among other
7 things, the Court ordered that Plaintiff was barred from supporting his economic damages
8 claim with documents that he failed to provide in his initial document production.

9      Quite plainly, the imposition of anything less than terminating sanctions is an
10 insufficient deterrent to Plaintiff's violation of the Court's discovery order. And without
11 knowledge of the entirety of the wealth that passed into Plaintiff's hands as a result of
12 Decedent's passing, Defendants cannot meaningfully rebut Plaintiff's claim of millions of
13 dollars in damages. Of note, Plaintiff's lead counsel Stanley Goff has been repeatedly
14 sanctioned by courts in the Northern District and elsewhere based on his violation of his
15 discovery obligations. *See, e.g., Tuggle v. City of Tulare*, 1:19-cv-01525, 2021 U.S. Dist.
16 LEXIS 95454 (E.D. Cal. May 19, 2021); *Tuggle v. City of Tulare*, 1:19-cv-01525, 2021 U.S.
17 Dist. LEXIS 36671 (E.D. Cal. Feb. 26, 2021); *Hudieb v. City of Hayward*, No. 3:19-cv-02842-
18 SK, ECF No. 74 (N.D. Cal. April 14, 2020); *Clifton v. City and County of San Francisco*, No.
19 14-cv-03539-KAW, 2015 U.S. Dist. LEXIS 158999 (N.D. Cal. Nov. 24, 2015); *Redmond v.*
20 *San Mateo Police Dep't*, No. C-14-00998-DMR, 2015 U.S. Dist. LEXIS 22308 (N.D. Cal.
21 Feb 24, 2015); *Taylor v. San Mateo Police Dep't*, No. C-14-01000-DMR, 2015 U.S. Dist.
22 LEXIS 22285 (N.D. Cal. Feb. 24, 2015). That such non-terminating sanctions have proven
23 inadequate underscores the propriety of dismissal here.

24     **B.**     **Solely In the Alternative, Defendants Ask the Court to Dismiss Plaintiff's Claim for Economic Damages**
25      Terminating sanctions are warranted, as set forth above. Solely in the alternative,
26 Defendants ask that the Court dismiss Plaintiff's claim for economic damages, and his
27 introduction of any evidence in support thereof. However, Defendants respectfully contend

NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS - Case No. C20-03014 SK

that such sanctions would be inadequate in light of Plaintiff's misrepresentations to the Court and his violation of the Court's discovery order, even after the imposition of exclusionary and monetary sanctions.

## IV.   CONCLUSION

An order to compel should be a sufficient deterrent for discovery violations.  Add to that an order imposing exclusionary and monetary sanctions, and one would think no party would reasonably risk incurring the Court's wrath by violating its command to provide fulsome discovery responses.  Yet with less than a month before the close of fact discovery, Plaintiff continues to withhold compelled documents.  Defendants find themselves in the position of having to guess at, and then attempt to extract from Plaintiff, the information they need to defend themselves in this case, not knowing the full extent of what might exist.  This is despite Plaintiff's assurances to the Court regarding his diligence in fulfilling his discovery obligations.

Since an order to compel and the imposition of exclusionary and monetary sanctions have been an insufficient deterrent for Plaintiff's discovery violations, Defendants respectfully request that the Court enter an order dismissing this action in its entirety with prejudice and entering judgment on behalf of Defendants.

DATED: October 7, 2021          MARY ANN McNETT MASON
                                COUNTY COUNSEL


                         By:   _/s/ Sean M. Rodriquez_____
                                SEAN M. RODRIQUEZ
                                Deputy County Counsel
                                Attorneys for Defendants
                                COUNTY OF CONTRA COSTA,
                                DWIGHT CHILDS, and TIFFANY YARNELL,