MARY ANN McNETT MASON (SBN 115089)
County Counsel
D. CAMERON BAKER (SBN 154432)
SEAN M. RODRIQUEZ (SBN 286668)
Deputies County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:   (925) 655-2280
Facsimile:    (925) 655-2266
Electronic Mail: cameron.baker@cc.cccounty.us
                 sean.rodriquez@cc.cccounty.us

Attorneys for Defendants COUNTY OF CONTRA COSTA,
DWIGHT CHILDS, TIFFANY YARNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D., individually and as a successor-in-interest by Decedent, MARIA BARRAZA, by and through his Guardian ad Litem, PATRICIA BARRAZA;<br><br>            Plaintiffs,<br>v.<br><br>COUNTY OF CONTRA COSTA, et al.<br><br>            Defendants. | No. C20-03014 SK<br><br>UPDATED JOINT CASE MANAGEMENT STATEMENT<br><br>Date:  October 18, 2021<br>Time:  1:30 p.m.<br>Crtrm:  C, 15th Floor<br>Judge: Hon. Sallie Kim, Presiding<br>Date Action Filed:  May 1, 2020<br>Trial Date:    None Assigned |

    Plaintiff E.D., by and through his Guardian ad Litem, Patricia Barraza, and Defendants County of Contra Costa, Dwight Childs, and Tiffany Yarnell ("defendants") jointly submit this Updated Joint Case Management Statement pursuant to this Court's August 24, 2021 order. *See* ECF Dkt. No. 73.

    **1.**    **Jurisdiction and Service**

    There are currently no issues with service or jurisdiction.

**2.     Facts**

<u>Plaintiff's allegations:</u>

This case is being brought by Plaintiff ED, a child, who lost his mother at the age of 2 in an utterly preventable death. Decedent MARIA BARRAZA committed suicide at the Martinez Detention Facility ("MDF") run and operated by Defendant CONTRA COSTA COUNTY (hereafter, "CCC") on April 13, 2019. When MARIA entered the jail that day, within minutes, it was obvious to staff that she was a high suicide risk. In fact, Registered Nurse MIRA YUNE informed investigators in a recorded statement back in April 2019 that MARIA was crying during the intake process while answering the following questions on Ms. YUNE's RN Intake Note:

> *14.   Have you ever wished you were dead or wished you could go to sleep and not wake up?: Yes*
> *15.   Have you had any actual thoughts of killing yourself?: Yes*
> *16.   Have you been thinking about how you might do this?: Yes*
> *17.   Have you had these thoughts and had some plans on acting on them?: Yes*

Ms. YUNE rated MARIA as a 3 out of 4 on the "Suicide Risk Level," which Ms. YUNE explained at her deposition was very high. Yet, MARIA was not housed in a safety cell, a sobering cell, or even an observation room, all of which are available in the intake area. Instead, she was cleared to be housed with the general population in the intake area of MDF by MARIO BANDES, a Mental Health clinician working for Defendant CCC. Over the course of the next few hours, no one checked on MARIA – no one from the medical staff, mental health staff, or any of the deputies charged with observing inmates in the intake area (Deputies DWIGHT CHILDS, TIFFANY YARNELL, SUMMER POWELL, or JARUS PEREZ) even though they were all literally just a few feet away.

During that long gap where no one monitored MARIA, she entered a fully enclosed bathroom and hung herself with her jacket. She was discovered by a fellow inmate (likely hours later given that rigor mortis was noted by first responders). Plaintiff ED is suing as a result of his mother's death.

<u>Defendants' allegations:</u>

On April 12, 2019, Decedent Maria Barraza was arrested by officers with the El Cerrito Police Department on charges of felony domestic violence against minor plaintiff E.D.'s father, Oleskiy Demidov. After transportation and booking at the Martinez Detention Facility, after receiving a mental health evaluation, and after expressing her intent to obtain bail, Decedent was placed in the female general holding area. Notwithstanding regular checks of the female holding area, which was occupied by several other inmates, Decedent was found to have committed suicide by hanging herself in the women's restroom at approximately 3:30 a.m. the following morning.

The night of Decedent's detention, Defendant Childs was an intake deputy and was responsible for processing arriving inmates. Defendant Yarnell was an escort deputy and was responsible for searching and booking incoming inmates. The El Cerrito Police Officers who transported Decedent to the Martinez Detention Facility, Demidov, and Decedent's mother were all surprised to learn that Decedent committed suicide.

### 3. Legal Issues

Plaintiff raises a single federal claim under 42 U.S.C. § 1983 against defendants Childs and Yarnell (Count One), a state law claim for violation of California Government Code section 845.6 against Childs and Yarnell and the County of Contra Costa under a theory of vicarious liability (Count Seven), and a state law claim for "wrongful death—negligence" against Childs and Yarnell (Count Eight).

The key legal issues are:

1. Were defendants deliberately indifferent to decedent's mental health?
2. Was any defendants' alleged deliberate indifference, if any, the proximate cause of decedent's death?
3. Did defendants act wrongly or negligently?
4. Was any defendant's alleged wrongful or negligent conduct, if any, the proximate cause of decedent's death?

//

5. Did defendants know or have reason to know of the alleged need for immediate medical care, if any, and fail to reasonably summon such care?

6. Can the County be held liable as to plaintiff's injuries, if any, under a theory of respondeat superior as to the claim under Section 845.6?

**4.     Motions**

Defendants filed a motion to dismiss the complaint on June 5, 2020.  The Court granted the motion on July 20, 2020.  At the hearing on the motion to dismiss, the Court dismissed the Doe defendants.  (ECF No. 36 [Oct. 2, 2020 Hearing Tr.], p. 11, lines 19-21.)  Defendants filed a motion to dismiss the first amended complaint on October 12, 2020, which the Court heard on November 16, 2020.  At the hearing, the Court granted Defendants' request to dismiss Counts Two, Three, Four, Five, Six, and Nine with prejudice.  (ECF No. 42.)

Defendants filed a motion to compel production of Plaintiff's responses to its outstanding discovery, which the Court granted on June 14, 2021.  (ECF No. 55.)  The Court granted Defendants' motion for discovery sanctions on July 29, 2021.  (ECF No. 65.)

Defendants filed a motion for terminating sanctions, which is scheduled for hearing on November 15, 2021.  (ECF No. 79).  Plaintiff filed a motion for leave to amend to add two new defendants, Mira Yune and Mario Bandes, on October 11, 2021.  (ECF No. 81.)  The motion is scheduled to be heard November 15, 2021.

Plaintiff will fill a Rule 11 motion for sanctions due to discovery abuses in the coming weeks after proper notice.  Defendants object to Plaintiff's claim of discovery abuses and plan to oppose any such motion.

**5.     Amendment of Pleadings**

Plaintiff filed the first amended complaint on September 27, 2020.  (ECF No. 34.)  Defendants moved to dismiss, and the Court dismissed Counts Two, Three, Four, Five, Six, and Nine on November 16, 2020.  (ECF No. 42.)  Defendants filed their answer to the remaining claims on November 30, 2020.  (ECF No. 43.)  The deadline to add new claims or parties was May 3, 2021.  (ECF No. 44, *incorporated by* ECF No. 47.)  Plaintiff filed a motion for leave to amend to add new parties on October 11, 2021.  (ECF No. 81.)

**6.     Evidence Preservation**

The parties have undertaken efforts to preserve evidence.

**7.     Disclosures**

The parties have exchanged initial disclosures and discovery has commenced.  The close of fact discovery is November 5, 2021.

**8.     Discovery**

**Plaintiff's Position**

Discovery is ongoing. Plaintiff has not received all witness statements from Defendants, including the mental health evaluation conducted by MARIO BANDES, the mental health evaluator that decided to place Decedent in the general population and not in a safety cell even though she presented as a high suicide risk. As more fully detailed in Plaintiff's Motion for Leave to Amend filed on October 11, 2021, Defendants have withheld key evidence requested by Plaintiff in early 2021. For instance, MIRA YUNE's medical intake notes, where she noted that Decedent was suicidal and rated her as a 3/4 on the suicide risk level was not provided to Plaintiff until October 4, 2021 and Ms. YUNE's audio statement to investigators, where Ms. YUNE indicated that Decedent was crying as she talked about being suicidal was not provided to Plaintiff until October 5, 2021, even though Plaintiff's had requested all witness statements from Defendants in February 2021 and despite Defendants' obligations under Rule 26. Plaintiff is concerned that much more evidence exists that Defendants have decided to withhold from discovery.

Plaintiff also notes that the above evidence was purposefully provided to Plaintiff after the settlement conference with Judge Tse.

After first requesting deposition dates from Defendants in July 2021, Plaintiff has timely noticed depositions during the months of September and October 2021. Plaintiff has also sent out many requests for production of documents in an effort to uncover all evidence that Defendants have been withholding. Plaintiff has still not received MARIO BANDES' mental health evaluation of Decedent or the audio statement he gave to investigators. In fact, Mr. BANDES was only just disclosed to Plaintiff on October 1, 2021.

Plaintiff has provided all evidence in their possession, custody and control to Defendants.

**Defendants' Position**

The scope of this case is narrow: the only individual Defendants are Deputies Childs and Yarnell. Deputies Childs and Yarnell did not have access to medical files regarding Decedent's medical or mental health. The only claim against the County is a vicarious liability claim for the alleged failure to summon medical care.

The narrow nature of this case was appropriately reflected in Defendants' discovery responses and Rule 26 disclosures. Moreover, Plaintiff's discovery requests were in significant part objectionable, and Defendants therefore objected to them as overbroad, vague, and ambiguous. For example, Plaintiff requested statements of individuals who witnessed the "incident," but provided no definition of the "incident" to which he referred. Defendants objected, but nevertheless provided recorded statements obtained from the inmates who were in the female holding area with Decedent at or around the time she committed suicide, reasonably construing these individuals as the apparent "witnesses" to the "incident" (i.e., Decedent's suicide) to which Plaintiff might be referring. Plaintiff's belated invocation of Rule 11 sanctions based on discovery responses that Defendants provided on March 29, 2021, is unavailing.

On September 20, 2021, Plaintiff requested to take the deposition of the Person Most Knowledgeable about various issues regarding the Martinez Detention Facility. On September 29, 2021, Plaintiff requested to take the depositions of three former or current County employees. Plaintiff requested to take the deposition of another former County employee on October 1, 2021. On October 8, 2021, Plaintiff requested to take the deposition of another Person Most Knowledgeable. During the same period, beginning on or about September 20, Plaintiff began propounding significant discovery, including more than 70 requests for production of documents. Defendants believe that the volume of Plaintiff's last-minute discovery is unreasonable.

//

**9.    Class Actions**

This is not a class action.

**10.    Related Cases**

There are no known cases related to this action.

**11.    Relief & Case Value Estimates**

Plaintiff requests compensatory, general, special, and punitive damages, as well as prejudgment interest, costs, attorney's fees, and such other relief as the County may deem just and proper. Plaintiff E.D. is seeking compensatory damages in connection with loss of financial support and loss of love, loss of gifts, companionship, comfort care, assistance, protection, affection, society, moral support, training and guidance. Plaintiff will be hiring an economist to calculate the reasonable value of said losses. However, there is no fixed standard for the calculation of non-economic damages, such as loss of love, moral support, affection, and society. Based on decedent's salary and plaintiff's age, plaintiff estimates his lifetime economic losses at over $3,000,000, not including non-economic damages. Said losses include $1.15 million in lost financial support (approximately $50,000 a year through plaintiff's 26th birthday) and the reasonable value of all services provided by decedent to plaintiff over the course of her life, $1.85 million. Plaintiff reserves his right to amend this response given that discovery is ongoing and to adjust for inflation.

Defendants seek judgment in their favor and an award of all available costs and fees as provided by law. Because Defendants contend that they are not liable for Decedent's passing, Defendants do not believe that Plaintiff is entitled to any damages.

**12.    Settlement and ADR**

A settlement conference was held by Magistrate Judge Alex G. Tse on October 4, 2021. The matter did not settle.

**13.    Consent to Magistrate Judge**

The parties have consented to Magistrate Judge Sallie Kim.

**14.    Other References**

The parties do not believe that any reference is necessary.

**15.    Narrowing of Issues**

The parties agree that any potential narrowing of issues related to trial presentation, motion practice, or evidentiary issues are best resolved as, or if, the case progresses.

**16.    Expedited Trial Schedule**

The parties do not believe that an expedited trial schedule is suitable for this case.

**17.    Scheduling**

The Court issued a scheduling order for this matter on February 8, 2021.  (ECF No. 47.)

| EVENT | DEADLINE |
|---|---|
| Deadline to Add Add'l Claims or Parties | May 3, 2021 |
| Fact Discovery Cutoff | November 5, 2021 |
| Expert Disclosures Due | November 19, 2021 |
| Expert Rebuttal Disclosures Due | December 17, 2021 |
| Expert Discovery Cutoff | January 7, 2022 |
| Deadline to File Dispositive Motions | February 14, 2022 |
| Deadline to Hear Dispositive Motions | March 21, 2022 |
| Final Pre-Trial Conference | May 20, 2022 |
| Trial Date | June 21, 2022 |

**18.    Trial**

The three-day jury trial is scheduled to commence June 21, 2022.

In light of recent discovery, Plaintiff anticipates that a three-day jury trial is not enough for this case. Plaintiff requests a 7-day jury trial.

**19.    Disclosure**

Defendants are not required to file a certification pursuant to Local Rule 3-15(a).

Plaintiff will file a Certification of Interested Entities or Persons.

**20.    Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | DATED: October 12, 2021 | LAW OFFICES OF STANLEY GOFF |
| 2 | | |
| 3 | | By: /s/ Stanley Goff |
| | | STANLEY GOFF |
| 4 | | Attorney for Plaintiff |
| | | E.D., individually and as a successor-in-interest |
| 5 | | by Decedent, MARIA BARRAZA, by and |
| 6 | | through his Guardian ad Litem, PATRICIA BARRAZA |
| 7 | | |
| 8 | DATED: October 12, 2021 | MARY ANN McNETT MASON |
| | | COUNTY COUNSEL |
| 9 | | D. CAMERON BAKER |
| 10 | | DEPUTY COUNTY COUNSEL |
| 11 | | |
| 12 | | By: /s/ Sean M. Rodriquez |
| | | SEAN M. RODRIQUEZ |
| 13 | | Deputy County Counsel |
| | | Attorneys for Defendants |
| 14 | | COUNTY OF CONTRA COSTA, |
| 15 | | DWIGHT CHILDS, and TIFFANY YARNELL |

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT - Case No. C20-03014 SK

9