UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 20-cv-03014-SK   (JSW)<br><br>**ORDER DENYING MOTION TO WITHDRAW MAGISTRATE JUDGE CONSENT**<br><br>Re: Dkt. No. 149 |

Now before the Court for consideration is Plaintiff's motion to withdraw consent to magistrate jurisdiction. The Court has considered the papers, relevant legal authority, and the record in the case, and it finds this motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court DENIES Plaintiff's motion.

## BACKGROUND

Plaintiff and his father, Oleksiy Demidov, filed this action on May 1, 2020. (Dkt. No. 1.) The case was assigned to Magistrate Judge Sallie Kim. (Dkt. No. 6.) On May 8, 2020, Plaintiff's counsel signed and filed a consent to magistrate jurisdiction through his then-proposed *guardian ad litem* Demidov. (Dkt. No. 7.) The case progressed, and eventually Demidov was dismissed as a party. (Dkt. No. 27.) A substitution of Plaintiff's counsel occurred, and Patricia Barraza was appointed as Plaintiff's *guardian ad litem* on September 15, 2020. (Dkt. Nos. 30, 33.)

On February 1, 2021, the parties submitted a joint case management statement, in which the parties expressly stated that they "consented to Magistrate Judge Sallie Kim." (Dkt. No. 44, ¶ 13.) The parties submitted two additional joint case management statements affirming their consent to Judge Kim. (*See* Dkt. No. 72, ¶ 13; Dkt. No. 82, ¶ 13.)

On December 20, 2021, Judge Kim ruled on Plaintiff's motion for leave to amend the

1   complaint and permitted Plaintiff to add two new defendants, Mira Yune and Mario Bandes, to his
2   existing state law negligence claim.  (Dkt. No. 117.)  Plaintiff filed the second amended complaint
3   on December 21, 2021.  (Dkt. No. 118.)  Defendants Yune and Bandes appeared and filed a
4   motion to dismiss on January 28, 2022.  (Dkt. No. 139.)

On January 31, 2022, Judge Kim held a case management conference.  At the case management conference, the parties set a trial date, and Judge Kim stated that Plaintiff would not be allowed to introduce certain documents that were previously excluded at trial.  The day after the case management conference, Plaintiff filed a declination of consent to magistrate jurisdiction form through Barraza as *guardian ad litem*.  (Dkt. No. 142.)  Judge Kim ordered Plaintiff to file a motion to withdraw consent by no later than February 15, 2022.  (Dkt. No. 144.)  That same day, Yune and Bandes filed a written consent to magistrate jurisdiction.  (Dkt. No. 145.)

Plaintiff filed a motion to withdraw consent to magistrate jurisdiction on February 15, 2022.  (Dkt. No. 149.)  Defendants opposed, and Plaintiff filed a reply.  On March 9, 2022, Judge Kim issued an order referring Plaintiff's motion to a district judge for disposition.  (Dkt. No. 153.)  On March 10, 2022, the motion was randomly referred to the undersigned.  (Dkt. No. 155.)

## ANALYSIS

**A.   The Court Denies Plaintiff's Motion to Withdraw Consent.**

Plaintiff moves to withdraw his consent to magistrate jurisdiction on the basis that (1) Plaintiff never consented to magistrate jurisdiction through his *guardian ad litem* Barraza, and (2) even if Barraza consented to magistrate jurisdiction, defendants Yune and Bandes did not consent to magistrate jurisdiction at the time Plaintiff sought to withdraw consent.

If all parties to a civil action consent, all proceedings including trial and entry of judgment may be conducted by a magistrate judge.  28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019).  Under both the United States Code and the Federal Rules of Civil Procedure, once a civil case is referred to a magistrate judge under 28 U.S.C. section 636(c) ("Section 636(c)"), the reference can be withdrawn by the court only "for good cause on its own motion, or under extraordinary circumstances shown by any party."  28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*, 936 F.3d at 1002.  "Good cause" and "extraordinary circumstances"

are high bars that are difficult to satisfy. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.* A motion to withdraw consent or reference is to be decided by the district judge, not the magistrate judge. *Id.* at 1003.

Plaintiff first argues that he never consented to magistrate jurisdiction through his *guardian ad litem* Barraza. To be effective, a party's consent to magistrate jurisdiction need not follow a specific form or be express. *Allen v. Centillium Communs, Inc.*, No. C-06-06153 (EDL), 2008 U.S. Dist. LEXIS 49328, at *3 (N.D. Cal. June 17, 2008) (citing *Roell v. Withrow*, 538 U.S. 580, 586-87 (2003).

Here, Plaintiff expressly and impliedly consented to magistrate jurisdiction. Plaintiff expressly consented to magistrate jurisdiction in three joint case management statements. (*See* Dkt. Nos. 44, 72, 82.) Consent through a joint case management statement is "more than adequate." *Allen*, 2008 U.S. Dist. LEXIS, at *3. Moreover, the general rule that a client is bound by the acts of his attorney applies to an attorney's consent to proceed before a magistrate judge. *Id*. (citing *Frank v. County of Hudson*, 962 F. Supp. 41, 43 (D.N.J. 1997). For this reason, the declaration of Barraza filed in connection with Plaintiff's motion does not invalidate the express consent to magistrate jurisdiction given by and through Plaintiff's counsel in the joint case management statements. (*See* Dkt. No. 149-2, Declaration of Patricia Barraza.) Plaintiff does not address the joint case management statements or offer any argument for why the Court should not accept these statements of consent, and the Court sees none. Thus, Plaintiff, through *guardian ad litem* Barraza, expressly consented to magistrate jurisdiction on at least three occasions. Plaintiff also implicitly consented to magistrate jurisdiction through his conduct by extensively litigating the case and agreeing to a trial date before Judge Kim. *See Allen*, 2008 U.S. Dist. LEXIS 49328, at*3. For these reasons, the Court finds that Plaintiff consented to magistrate jurisdiction.

Plaintiff next argues that because Defendants Yunes and Bandes did not consent to magistrate jurisdiction prior to the filing of Plaintiff's declination of consent on February 1, 2022, a showing of good cause to withdraw consent is not required. Plaintiff argues that under *Gilmore v. Lockard*, good cause to withdraw consent is not required before all parties have consented to

magistrate jurisdiction. 936 F.3d 857 (9th Cir. 2019).

The Court finds Plaintiff's argument unconvincing. At the time Plaintiff filed the motion to withdraw consent on February 15, 2022, Yune and Bandes had already filed a written consent to magistrate jurisdiction. Contrary to Plaintiff's assertion, the earlier filing of the declination form did not constitute an effective withdrawal of Plaintiff's consent to magistrate jurisdiction. Rather, the court required Plaintiff to submit a motion to withdraw consent so that a district judge could consider the request. *See Stuckey v. Juarez*, No. 1:18-cv-01557-SAB(PC), Dkt. No. 40 pp. 1-2 (E.D. Cal. Mar. 19, 2020) (finding it insufficient for a plaintiff who previously consented to magistrate judge jurisdiction to withdraw consent by filing a consent form and instead requiring the plaintiff file a motion to withdraw consent). Thus, all parties had consented to magistrate jurisdiction when Plaintiff moved to withdraw consent.[1]

For this reason, Plaintiff's reliance on *Gilmore* is misplaced. The magistrate judge in *Gilmore* had jurisdiction pursuant to Section 636(b) to address certain pretrial motions. 936 F.3d at 860. The plaintiff sought to withdraw his consent to magistrate jurisdiction following the judge's adverse ruling on a motion to compel. *Id*. The magistrate judged applied the good cause standard set forth in Section 636(c)(4) and denied the plaintiff's motion. *Id*. at 861. The Ninth Circuit disagreed with the magistrate judge's decision and found that "a party need not satisfy the good cause or extraordinary circumstances standard provided in § 636(c)(4) in order to withdraw consent before all parties have consented." *Id.* at 863. The Ninth Circuit directed that in those instances, a district court should use its discretion to determine a request to withdraw consent. *Id*. Here, unlike in *Gilmore*, all parties consented to magistrate jurisdiction before Plaintiff filed his motion to withdraw consent.

Because all parties consented to magistrate jurisdiction, the Court will consider whether Plaintiff has shown either "good cause" or "extraordinary circumstances" to withdraw consent. *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4)).

---

[1] Even if the Court were to construe Plaintiff's February 1st filing as a motion to withdraw consent, Yunes and Bandes had already appeared and filed a motion to dismiss before Judge Kim by that time, which suggests their implicit consent to magistrate jurisdiction. *See Allen*, 2008 U.S. Dist. LEXIS 49328, at *3.

Plaintiff has not met the high bar required to show good cause or extraordinary circumstances exist to withdraw consent. Apart from arguing that the good cause standard should not apply to his request, Plaintiff does not address the standard at all. Nor does the record support a finding that extraordinary circumstances exist warranting withdrawal of consent. Thus, the Court finds that neither good cause nor extraordinary circumstances weigh in favor of permitting the withdrawal of consent and reassignment of the case to a district judge.[2] Plaintiff's motion is DENIED.

B. **The Court Will Not Impose Sanctions on Plaintiff.**

Defendants argue that Plaintiff's attempt to withdraw magistrate jurisdiction consent constitutes a sanctionable abuse of the judicial process. Defendants contend that Plaintiff is attempting to "judge shop" following Judge Kim's imposition of sanctions and denial of Plaintiff's motion for leave to amend. Based on the record before it, the Court cannot conclude that Plaintiff's motion is an improper attempt to judge shop, and it declines to impose sanctions on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw consent to magistrate jurisdiction is DENIED.

**IT IS SO ORDERED.**

Dated: April 5, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[2] The Court notes that even if it adopted the discretionary approach advanced by Plaintiff, the outcome would not change. Given the length of time this case has been pending before Judge Kim, her rulings on substantive issues, and the parties' willingness to participate in proceedings before Judge Kim without objection until now, the exercise of discretion weighs against reassignment in this case.

5